ANTHONY SERVIDONE, Respondent, *v.* BESSIE M. HIRSCHMANN et al., Appellants, et al., Defendants.

Third Department, November 15, 1944.

348

*Schaffer & Sevits,* attorneys (*Harry M. Schaffer* of counsel), for appellants.

*Owen D. Connolly,* attorney (*M. L. Filley* of counsel), for respondent.

FOSTER, J. Appeal from a judgment of the Schenectady Trial Term in favor of the plaintiff for the sum of $466.94, with interest from June 28, 1941, amounting in all to $535.11, and directing the foreclosure of a mechanic's lien for that amount against the premises described in the complaint.

Appellants charge that the trial court changed its decision, but this charge is not supported by the record. The memorandum made by the court was not its decision and the court had

power to modify it at any time, and to make such findings as it finally concluded that the evidence sustained.

The controversy as to whether plaintiff erected the walls of the building involved in substantial compliance with the agreement of the parties involved only questions of fact, and the court's decision relative thereto is sustained by the evidence. The same is true of the trial court's decision relative to the construction of the concrete sidewalks on Keyes Avenue.

Interest on the amount of the recovery was properly allowed. (Civ. Prac. Act, § 480.) The interest awarded became a part of the recovery for the purpose of fixing the right to costs, and hence costs were also properly allowed.

Prior to the trial of the action a stipulation was entered into to the effect that the amount of any recovery should be adjudged a valid lien against the premises described in the complaint as to the defendants Bessie M. Hirschmann and Joseph P. McGrane, and that in case of a deficiency plaintiff should have judgment against the defendants Bessie M. Hirschmann, Henry Schaffer and Harry Schaffer. Subsequently and just previous to the commencement of the trial the action was discontinued against the defendant Joseph P. McGrane. The work covered by the contract was completed on the 28th of June, 1941. Plaintiff filed a lien on September 4, 1941, and named the defendant Bessie M. Hirschmann as the owner of the property. The court however found that before this date and on the 22d day of August, 1941, she had conveyed the premises to the defendant Joseph P. McGrane, and that this conveyance was recorded in the Schenectady County clerk's office on the following day. The text of the deed in question is not in the record, but respondent's counsel states in his brief that it contained the covenant provided by subdivision (5) of section 13 of the Lien Law, which would give it precedence over the lien. There is no finding of fraud in the execution and the delivery of this deed and it does not appear to have been set aside.

In view of the foregoing it was beyond the power of the trial court to direct the foreclosure of the lien against the premises in question. At the time judgment was directed the record owner, McGrane, was no longer a party to the action, and the decision of the trial court expressly found that this defendant was the record owner on and after August 23, 1941. In view of this situation a lien against the premises cannot be sustained on the unconfirmed suspicion or belief that McGrane's title was not substantial. Aside from this, however, the terms of the original stipulation remain in force and effect and the

amount of the recovery herein with costs may be adjudged against the defendants Bessie M. Hirschmann, Henry Schaffer and Harry Schaffer.

As thus modified the decision appealed from should be affirmed, with costs and disbursements on appeal to the respondent.

HILL, P. J., BLISS and HEFFERNAN, JJ., concur; BREWSTER, J., taking no part.

Judgment modified in accordance with opinion, and as modified affirmed, with costs and disbursements on appeal to the respondent.

The findings of fact designated in paragraphs 17 and 22 of the trial court's decision are reversed; and also the first and second conclusions of law.

The following conclusion of law is made in place thereof: That the plaintiff is entitled to a judgment herein against the defendants, Bessie M. Hirschmann, Henry Schaffer and Harry Schaffer for the sum of $466.94, with interest thereon from the 28th day of June, 1941, together with the taxable costs and disbursements of the action, and entry of judgment is directed accordingly. [See amended decision, 268 App. Div. 1075.]